## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>By The United States Attorney<br>For the District of Columbia<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>Plaintiff,<br><br>v.<br><br>Dynamic Visions Inc.<br>D/B/A DYNAMIC VISIONS HOME<br>HEALTH SERVICES<br>7603 Georgia Avenue N.W.,<br>Washington, D.C. 20012<br><br>And<br><br>ISAIAH M. BONGAM, Owner and President<br>Of Dynamic Vision Inc.<br>601 Black Branch Way<br>Bowie, MD 20721<br><br>Defendants. | Civil Action No. |

## **COMPLAINT**

Comes now the Plaintiff United States of America, by and through undersigned counsel, and respectfully states as follows:

1.     This is an action brought by Plaintiff United States of America against Dynamic Visions Inc., Dynamic Visions Home Health Services (hereinafter collectively referred to as Dynamic Visions), and Isaiah M. Bongam for treble damages, actual damages, civil penalties and other relief pursuant to the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733.   Dynamic Visions, a home health care provider, and Mr. Bongam knowingly submitted fraudulent claims for

services not rendered or services not authorized to render to the District of Columbia's Medicaid

Program (D.C. Medicaid) of at least $543,145.13. Defendant Dynamic Visions took these

fraudulent actions with the knowledge, assistance and direction of the individual Defendant Isaiah

Bongam, who, at all relevant times, is and/or was the owner and chief officer of Dynamic Visions.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1345.

3.      This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C.

§3732(a) because Defendants conducted business and submitted Medicaid claims in the District of

Columbia. In addition, Dynamic Visions, Inc., is located in this District.

4.      Venue is proper in this District pursuant to 31 U.S.C. §3732(a), and under 28

U.S.C. §§1391(b) and (c) and 1395(a), and because acts proscribed by 31 U.S.C. § 3729, which are

complained of herein, occurred within this District.

## THE PARTIES

5.      The plaintiff is the United States of America.

6.      The Defendants are Dynamic Visions Inc., a District of Columbia Medicaid home

health care agency operating under provider number 035361600 (State Program) and 035643500

(Waiver Program) and Isaiah Bongam (Bongam).

7.      Dynamic Visions Inc. is a Maryland corporation that lists its principle address as

16102 Eckhart Road, Bowie, MD 20716. Dynamic Visions Inc. is registered in the District of

Columbia under the name "Dynamic Visions Home Health Services" as a foreign business

corporation under the laws of the District of Columbia and lists its District of Columbia business

address as 7603 Georgia Avenue N.W., Washington, DC 20012.   Dynamic Visions Inc. does

business in the District of Columbia as "Dynamic Visions, Inc.," and "Dynamic Visions Home

Health Services" interchangeably as an identical business entity.

      8.      Isaiah Bongam is the owner, registered agent and president of Dynamic Visions.

**FACTUAL ALLEGATIONS**

A.    **The Medicaid Program**

      9.      Created under Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq.,

Medicaid pays for and provides medical services to eligible individuals with income too low to

meet their medical needs such as those with dependent children or those who are aged, blind, or

disabled.

      10.     Medicaid is managed by states and funded by the federal and state governments.

States provide medical assistance and related services through Medicaid to eligible individuals.

The Centers for Medicare and Medicaid Services (CMS) a component of the United States

Department of Health and Human Services (HHS), administers Medicaid on the federal level.

States determine individual Medicaid eligibility within federal rules, services covered, payment

levels for services, and administration and operation procedures.   Medicaid operates as a vendor

payment program- states pay providers directly and obtain the federal share from accounts which

draw on funds of the United States Treasury.

      11.     The District of Columbia participates in the Medicaid Program.   At all times

relevant to this complaint, the United States provided funds to the District of Columbia through the

Medicaid program, pursuant to Title XIX of the Social Security Act.   The federal government

share for the District of Columbia Medicaid Program amounts to approximately seventy percent of

3

the DC Medicaid's funds.   42 CFR §§ 430.0 - 430.30.

12.     Among other services, DC Medicaid pays for home healthcare services to eligible Medicaid recipients through enrolled healthcare service providers.   Enrolled providers of medical services to Medicaid recipients are eligible for reimbursement for covered services under the provisions of Title XIX of the 1965 Amendments to the Federal Social Security Act.   By becoming a participating provider in Medicaid, enrolled providers agree to abide by the rules, regulations, policies and procedures governing reimbursement, and to keep and allow access to records and information as required by Medicaid.   In order to receive Medicaid funds, enrolled providers, together with authorized agents, employees, and contractors are required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures issued by the District of Columbia.

13.     At all times relevant to this complaint, Dynamic Visions was a participating Medicaid provider and submitted claims for reimbursement to the District of Columbia Medicaid program.

**B.     The Scheme to Defraud**

14.     As set forth below, the Defendants knowingly submitted, caused to be submitted, and/or facilitated submission of false and/or fraudulent claims for services not rendered or services not authorized by a physician through invoices made to the District of Columbia's Medicaid Program ("D.C. Medicaid") in violation of the False Claims Act, 31 U.S.C. § 3729.

### Dept. of Health Care Finance Audit

15.     In the fall of 2008, members of the Department of Health Care Finance – Office of Progam Integrity (DHCF-OPI) conducted a "post payment review" of paid claims submitted to

4

D.C. Medicaid.   DHCF-OPI randomly selected for examination the patient files of approximately

twenty – five (25) different recipients of Dynamic Visions services that mostly had allegedly been

rendered services eight hours a day, seven days a week for the billing period between January,

2006 and October, 2008.

16.     The billing analysis by DHCF-OPI revealed that 15 of the 25 recipient files

examined had insufficient documentation to support Dynamic Visions' claims for payment to D.C.

Medicaid, for recorded hours of services actually provided.

### FBI/HHS-OIG Joint Review

17.     A follow-up investigation was conducted by the Federal Bureau of Investigation

(FBI), and the Department of Health and Human Services Office of the Inspector General

(HHS-OIG), of the same 25 recipients of Dynamic Visions Home Health services billed between

January, 2006 and October, 2008.   Those recipients were interviewed by Special Agents of the

FBI to determine if the recipients were, in fact, receiving the home health services charged to D.C.

Medicaid by Dynamic Visions.

18.     The review found that the 25 recipients did not, in fact, receive home health care

seven days a week, as billed by Dynamic Visions.   Most recipients related that they were provided

services five days a week, as opposed to the seven days charged by Dynamic Visions.   Other

recipients advised the interviewing Special Agents that they were not being provided any services

by Dynamic Visions.   For example, One recipient advised Special Agent that they were to receive

home health services but that the resources were never provided except for a few nurse visits in

January and February 2008, upon their release from the hospital. Yet, Dynamic Visions was found

to have billed for services from December 2008 to June 2009.   A list of each Medicaid recipient

and the amounts overcharged for each recipient is being filed under seal.

19.     The review by FBI/HHS-OIG revealed that the resulting loss to D.C. Medicaid from the 25 recipient files amounted to a loss of at least $543,145.13 in payments for services not rendered.

### FBI/HHS-OIG Bongam Home and Dynamic Search

20.     On December 17, 2008, FBI agents and HHS-OIG conducted a search of the home of Bongam; business offices of Dynamic Visions Inc. and Dynamic Visions Home Health Services for documents supporting the fraudulent submittal of claims relating to the 25 recipients.

21.     The review of the documents seized at Dynamic Visions Home Health Services offices revealed bank accounts that Bongam had in the company name with him as the owner. Further investigation revealed that Bongam was receiving government funding in the Dynamic Visions Inc. account and funneling the money into other unrelated corporate accounts at Industrial Bank and overseas in a bank in Cameroon.

22.     Interviews of former bank employees revealed that Bongam often conducted large withdrawals from the three business accounts and transferred funds between those accounts.  For example, former employees recall Bongam attempting to make a $10,000 cash withdrawal from one of his business accounts.   Due to the late hour, the Industrial Bank branch did not have sufficient cash on hand to cash the check.   An employee asked Bongam why he needed to take out so much money in cash, and Bongam advised that it was to pay his employees.

23.     Additionally, a review of the files seized during the searches revealed that the required CMS-485 "Home Health Certification and Plan of Care" forms in many patient files were missing, backdated, not signed by the attending physicians or authorized nurses, or expired.

## CAUSES OF ACTION

### Count I: False Claims

24.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

25.     By virtue of the acts set forth above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims to the United States for payment, in violation of 31 U.S.C. § 3729(a)(1); that Defendants caused the false or fraudulent claims to be approved and paid by the United States, in violation of 31 U.S.C. § 3729(a)(1); that the United States has currently incurred damages of at least $543,145.13; and that the United States is entitled to three times the amount by which it is damaged, plus a civil penalty of $5,500 to $11,000 for each false claim presented or caused to be presented.

### Count II: False Certification

26.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

27.     By virtue of the acts set forth above, Defendants knowingly presented, or caused to be presented, false or fraudulent certifications to the United States, in violation of 31 U.S.C. §3729(a)(1); that Defendants caused the false or fraudulent claims to be approved and paid by the United States; that the United States incurred damages in an amount to be determined at trial; and that the United States is entitled to three times the amount by which it is damaged, plus a civil penalty of $5,500 to $11,000 for each false claim presented or caused to be presented.

**Count III:   False Record or Statement Material to a False or Fraudulent Claim**

28.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

29.     By virtue of the acts set forth above, Defendants knowingly made, used, or cause to be made or used a false record or statement material to a false or fraudulent claim in violation of 31 U.S.C. §3729(a)(1); that the United States has incurred and is incurring damages in an amount to be determined at trial; and that the United States is entitled to three times the amount by which it is damaged, plus a civil penalty of $5,500 to $11,000 for each false claim.

**Count IV:   Common Law Fraud**

30.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

31.     Defendants presented (1) a false representation (2) in reference to material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance upon the representation.   U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., 685 F.Supp.2d 129, 141 (D.D.C. 2010) (*quoting* Pence v. United States, 316 U.S. 332, 338 (1942)).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A.     Judgment against Defendants, including treble damages sustained by Plaintiff for each Count, a total still to be determined;

B.     Civil penalties as are allowable by law;

D.     The cost of this action, plus interest, as provided by law; and

E.     Such other relief as this Court may deem just and proper.

8

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney

RUDOLPH   CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.   20530
(202) 307-2843

9