UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 11-695 (CKK) |
| DYNAMIC VISIONS INC., *et al*, | |
| Defendants. | |

MEMORANDUM OPINION
(January 23, 2015)

The United States filed suit against Defendants Dynamic Visions Inc. and Isaiah M. Bongam ("Defendants") on April 7, 2011, for treble damages, actual damages, civil penalties and other relief pursuant to the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733. Following several Orders to Compel Discovery, Plaintiff filed the Motion for Attorney's Fees presently before the Court. After considering the parties' briefs,[1] the accompanying exhibits, and the applicable authorities, the Court shall GRANT Plaintiff's Motion for Attorney's Fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and (b)(2)(C).

I.   BACKGROUND

Plaintiff seeks an award of attorney's fees for Plaintiff's counsel's efforts to obtain discovery that Defendants have repeatedly failed to provide in response to orders of the Court compelling discovery. The facts below detail Plaintiff's efforts to obtain financial and factual

---

[1] Plaintiff's Motion for Attorney's Fees ("Pl.'s Mot."), ECF No. [69]; Defendants' Opposition to Plaintiff's Motion for Attorney's Fees ("Defs.' Opp'n"), ECF No. [74]; and Plaintiff's Reply to Opposition to Motion for Attorney's Fees ("Pl.'s Reply"), ECF No. [77].

discovery from Defendants and Defendants' repeated failure to properly respond to Plaintiff's discovery requests or the Court's orders compelling discovery.

**A. Financial Discovery**

On April 26, 2011, Plaintiff filed a Motion for Prejudgment Writ of Garnishment and Attachment seeking to preserve Defendants' financial assets after Plaintiff became concerned that Defendants were conducting unusual financial activity by funneling large amounts of money between various accounts. *See* ECF No. [6]. The Court granted Plaintiff's Motion and on July 26, 2011, Plaintiff served a copy of Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Prejudgment Enforcement on Defendants, seeking the location and disposition of all of Defendants' financial assets and all documents related to those dispositions. *See* ECF No. [17]. Defendants failed to timely respond to the Interrogatories and Request for Production of Documents. *See* Motion to Compel, ECF No. [19], Ex. 2. Plaintiff sent a letter to Defendants to attempt to resolve this matter, but Defendants did not respond. *See* Motion to Compel. Accordingly, Plaintiff filed a Motion to Compel. *See id*. Defendants failed to respond to the Motion to Compel and the Court granted the Motion as conceded on March 8, 2012. *See* Order (Mar. 8, 2012), ECF No. [22].

The Court held an Initial Scheduling Conference on February 20, 2013, at which it ordered Defendants to respond to Plaintiff's still outstanding financial discovery requests by April 19, 2013. *See* Scheduling and Procedures Order (Feb. 20, 2013), ECF No. [35], at 6. Defendants did not respond by April 19, 2013, as ordered. *See* Notice Regarding Defendants' Failure to Produce Court-Ordered Discovery, ECF No. [41], at 3. Plaintiff contacted counsel for Defendants several times at the end of April in unsuccessful attempts to obtain the financial discovery Defendants had been court-ordered to provide. *See* ECF Nos. [46-3]; [46-4].

2

Throughout May 2013, Plaintiff attempted to assist Defendants in obtaining the financial information requested, but Defendants failed to provide the information and authorization forms necessary for Plaintiff to assist Defendants. *See* ECF No. [46-5].

On June 12, 2013, this Court held a telephonic conference to address Defendants' non-compliance. *See* ECF No. [46-6]. During the telephonic conference, the Court ordered Defendants to fully and completely respond to the financial interrogatory requests. *Id.* at 13-14. 24-25, 30; *see also* Order (June 13, 2013), ECF No. [42]. On July 8, 2014, Defendants provided Plaintiff with their responses to the financial discovery requests. *See* ECF No. [46-7]. However, Defendants' responses were grossly incomplete and did not provide the information ordered by the Court in the June 2013 telephonic conference. *See id.*

### B. Factual Discovery

Plaintiff served Defendants with its First Set of Discovery Requests seeking factual discovery on March 22, 2013. *See* ECF No. [46-8]. Defendants did not respond to Plaintiff's discovery request by April 24, 2013, the response date pursuant to the Federal Rules of Civil Procedure, nor did Defendants respond to Plaintiff's email inquiry regarding the status of the factual discovery on May 23, 2013. *See* ECF No. [46-5]. At the June 12, 2013, telephone conference, the Court ordered Defendants to fully respond to Plaintiff's discovery requests by July 26, 2013.[2] Order (June 13, 2013), ECF No. [42]. On July 26, 2013, Defendants provided responses to Plaintiff's factual discovery requests; however, they were grossly incomplete. *See* ECF no. [46-9].

### C. Motion for Sanctions and Further Discovery Orders

---

[2] At the June 2013 telephone conference, Defendants claimed they never received the fact discovery requests from the United States. ECF No. [46-6], at 16-22. At the Court's request, a copy of the discovery requests were emailed by Plaintiff and received by Defendants during the telephone conference. *Id.* at 25-29.

On November 13, 2013, Plaintiff moved for a second time for sanctions, including attorney's fees, for Defendants' failure to provide discovery. *See* ECF No. [46]. The Court held a Status Hearing on November 22, 2013, and ordered Defendants to fully respond to Plaintiff's financial and factual discovery requests by February 15, 2014. Minute Order (Nov. 22, 2013). The Court held Plaintiff's Second Motion for Sanctions in abeyance pending the completion of discovery. *Id.*

Over the next several months, Defendants disclosed several bank accounts that had not previously been disclosed, and Plaintiff discovered several more that had not been disclosed. *See* Notice of Letter to Counsel for Defendants, ECF No. [51-1]; Notice of Defendants' Non-Compliance with Court Order, ECF No. [68]. Defendants also continued to provide incomplete responses to Plaintiff's discovery requests. *See* ECF No. [51-1]. On February 24, 2014, Magistrate Judge Alan Kay met with the parties regarding outstanding discovery issues and issued a Minute Order requiring Plaintiff's counsel to provide Defendants with a description of outstanding discovery requests and requests that required supplemental answers. Minute Order (Feb. 24, 2014). Magistrate Judge Kay ordered Defendants to "provide complete responses within two weeks after receipt of that document." *Id.* Plaintiff's counsel provided Defendants with a letter describing all outstanding discovery on March 7, 2014, s*ee* ECF No. [51-1]; however, Defendants again failed to provide all requested discovery by the deadline set by Magistrate Judge Kay.

On April 16, 2014, this Court held another Status Hearing at which Defendants' noncompliance with Plaintiff's discovery requests and the Court's discovery orders was discussed at length. Following the hearing, the Court ordered that "[a]ll outstanding discovery shall be provided to Plaintiff by no later than May 16, 2014." Order (April 16, 2014), ECF No.

[52]. On May 29, 2014, the Court held another Status Hearing at which the Court discussed in great detail Defendants' continued noncompliance with the Court's discovery orders. Minute Order (May 29, 2014). During the hearing, the Court ordered Plaintiff to file with the Court by June 23, 2014, "a proposed discovery order setting out the discovery Defendant[s] must produce pursuant to the Court's findings during the status hearing." *Id.* The Court ordered, however, that Defendants should "immediately begin collecting the information identified by the Court during the status hearing." *Id.* On July 2, 2014, the Court issued Plaintiff's proposed discovery order and ordered Defendants to produce all outstanding discovery by August 1, 2014. Order (July 2, 2014), ECF No. [62].

Defendants' discovery responses provided to Plaintiff on August 1, 2014, were again incomplete. *See* Notice of Defendants' Non-Compliance with the Court Order, ECF No. [68]; Minute Order (Oct. 3, 2014). At a Status Hearing on October 3, 2014, the Court found that "Defendants have still not fully complied with the Court's orders regarding discovery." Minute Order (Oct. 3, 2014). The Court ordered all discovery to be completed by January 23, 2015, and set a schedule for Plaintiff to file its Motion for Attorney's Fees as a discovery sanction and for Defendants to respond to Plaintiff's Motion. *Id.* Plaintiff's Motion for Attorney's Fees is now fully briefed and ripe for review.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37, a Court "must" grant "reasonable expenses incurred" by a party if the opposing party fails to obey an order to provide or permit discovery. Specifically, Federal Rule of Civil Procedure 37(b)(2)(C) provides that, if a party fails to obey an order to provide or permit discovery, "the court must order the disobedient party

. . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

The Court finds that it is eminently appropriate to award Plaintiff reasonable expenses incurred pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). As discussed at length above, this Court and Magistrate Judge Kay have issued approximately eight orders requiring Defendants to provide discovery, and Defendants have largely failed to provide the requested discovery. *See* Fed. R. Civ. P 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Defendants attempt to argue in their response to Plaintiff's present Motion for Attorney's Fees that they have neither failed to comply with the Court's discovery orders nor knowingly withheld discoverable information. Defs.' Opp'n at 3-4. However, Defendants' representations regarding their reasons for not providing the requested discovery are not accurate and are, in fact, contradicted by the Court's orders themselves and by the Court's findings during several status conferences. Accordingly, the Court finds that Defendants' failure to comply with the Court's discovery orders was not substantially justified, and that an award of fees is not unjust, particularly in light of Defendants' repeated noncompliance with the Court's orders.

The Court also notes that an award of attorney's fees may also be appropriate under Federal Rule of Civil Procedure 37(a)(5)(A), which provides that if a motion to compel a discovery response is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure or nonresponse is "substantially justified," or other circumstances make an award

of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff filed a Motion to Compel and for Sanctions on November 13, 2013. During a Status Hearing on November 22, 2013, the Court held Plaintiff's Motion in abeyance pending completion of discovery, extended the discovery deadline by approximately three months, and ordered Defendants to provide all outstanding discovery by the new discovery deadline. *See* Minute Order (Nov. 22, 2013). Over the next year, Plaintiff's counsel effectively made repeated oral motions during status conferences to compel Defendants to produce outstanding discovery. In response, the Court and Magistrate Judge Kay issued repeated orders requiring Defendants to produce the outstanding discovery. *See* Minute Order (Nov. 22, 2013); Minute Order (Feb. 24, 2014); Order (April 16, 2014); Order (July 2, 2014); Minute Order (Oct. 3, 2014). Defendants must now produce all discovery by January 23, 2015, at which point the Court will evaluate whether Defendants have complied with the Court's final discovery order or whether, as a further sanction, Defendants should be held in civil contempt for their failure to comply in another effort to enforce the Court's orders to compel.

None of the exceptions to the mandatory award of attorney's fees under Rule 37(a)(5)(A) are implicated by the facts of this case. Plaintiff's Motion for Attorney's Fees clearly sets forth the repeated attempts Plaintiff made to obtain discovery from Defendants before seeking the Court's assistance. *See* Pl.'s Mot. at 2-11. Again, the Court finds that Defendants' stated reasons for failing to provide the ordered discovery are inaccurate and contradicted by the Court's orders, as well as by findings made during several status conferences. As a result, Defendants have failed to show that their nonresponsiveness to Plaintiff's discovery requests was substantially justified or that an award of fees would be unjust. Accordingly, as additional

7

grounds, Plaintiff's counsel can be entitled to reasonable expenses incurred in making his repeated motions to compel.

Having established that Plaintiff is entitled to attorney's fees, the only remaining question for the Court is whether the fees that Plaintiff has requested constitute "reasonable expenses incurred." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). A district court has broad discretion in determining the size of an attorney's fees award under Federal Rule of Civil Procedure 37. *Beck v. Test Masters Educational Services, Inc.*, 289 F.R.D. 374, 382 (D.D.C. 2013). "The proper method of awarding attorney[']s fees for a violation of Rule 37 is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended." *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. LTD*, 248 F.R.D. 64, 68 (D.D.C. 2008) (citing *Cobell v. Norton,* 231 F.Supp.2d 295, 300 (D.D.C. 2002) and *Weisberg v. FBI,* 749 F.2d 864, 872-73 (D.C. Cir. 1984)). The moving party bears the burden of proving that the request for attorney's fees is reasonable. *Id.*

"In order to demonstrate [prevailing market rates], plaintiffs may point to such evidence as an updated version of the *Laffey* matrix"—a schedule of charges based on an attorney's experience developed in *Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354 (D.D.C. 1983)—"or the U.S. Attorney's Office matrix, or their own survey of prevailing market rates in the community." *Covington v. District of Columbia,* 57 F.3d 1101, 1109 (D.D.C. 2013). Here, Plaintiff points to the *Laffey* Matrix to establish the reasonable rate for Plaintiff's counsel's services.[3]  *See* Pl.'s Ex. 14, ECF No. [77-2]; *Tequila Centinela*, 248 F.R.D. at 68 (accepting

---

[3] In Plaintiff's initial memorandum in support of its Motion for Attorney's Fees, Plaintiff did not propose an appropriate billing rate or provide the *Laffey* matrix; Plaintiff only provided his resume for the Court to consider in determining the appropriate attorney's fees award. After Defendants challenged Plaintiff's Motion on the basis that Plaintiff failed to establish its counsel's billing rates or the prevailing market rates in the District of Columbia, *see* Defs.'

*Laffey* Matrix rates to calculate Rule 37 attorney's fees award). Defendants argue that Plaintiff's attorney's fees award should not be calculated based on an hourly rate, but based on a percentage of Plaintiff's counsel's salary, because Plaintiff's counsel is a salaried government attorney "already on the government payroll." Defs.' Opp'n at 9. However, this Circuit has held that "fee allowances are basically to be measured by the market value of the services rendered, not the amount actually received by the attorney nor the amount that would have been received absent an award of fees." *Jordan v. Dep't of Justice*, 691 F.2d 514, 523-24 (D.C. Cir. 1982); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) (A reasonable hourly rate is determined "according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel"). Accordingly, as Judge Tanya S. Chutkan recently explained, "government attorneys who do not have customary billing rates may rely upon the '*Laffey* Matrix.'" *EPIC v. F.B.I.*, --- F. Supp. 3d ---, 2014 WL 5713859, * 7 (D.D.C. Nov. 5, 2014); *see also* Pl.'s Ex. 15, at 1 (Department of Justice memorandum explaining that an Assistant United States Attorney's fees should not be calculated based on their salary "[w]here a circuit mandates a particular method of determining attorney['s] fees, such as the 'lodestar' method."). Pursuant to the *Laffey* Matrix, as Plaintiff's counsel has been practicing law for twenty-six years, *see* Pl.'s Ex. 12, ECF No. [69-2], the reasonable hourly rate for Plaintiff's counsel's services is $510 per hour, *see* Pl.'s Ex. 14, ECF No. [77-2].

Defendants also argue that the time billed by Plaintiff's counsel—one hundred twenty-six and a half hours—is excessive. Defs.' Opp'n at 5. Having reviewed Plaintiff's detailed breakdown of the hours he spent dealing with Defendants' repeated noncompliance with

---

Opp'n at 5, Plaintiff provided the Court with the *Laffey* Matrix and a much fuller discussion of the appropriate billing rate in its Reply. *See* Pl.'s Reply, at 6-9. Defendants have not asked to file a sur-reply in response to Plaintiff's more robust and supported discussion of the appropriate attorney's fees award in this case.

Plaintiff's discovery requests and the Court's discovery orders,[4] the Court finds that Plaintiff's counsel has billed a reasonable number of hours and has requested a reasonable attorney's fees award. *See* Darrell C. Valdez Declaration, at 3-8. Plaintiff's requests for discovery and motions, both written and oral, to compel discovery have involved complex discovery issues. Moreover, preparing for status hearings or preparing motions to compel discovery and for sanctions have been understandably lengthy endeavors given the complicated, multi-year history of discovery requests and noncompliance in this case. It is also clear to the Court from Plaintiff's counsel's declaration that Plaintiff's counsel is only billing for work that he has done, not for the work of any of his agents. Accordingly, the Court finds Plaintiff's requested attorney's fees award to be reasonable under Federal Rule of Civil Procedure 37.[5]

### III. CONCLUSION

---

[4] In Plaintiff's initial memorandum in support of its Motion for Attorney's Fees, Plaintiff's counsel provided a breakdown of the time he spent seeking discovery from Defendants and dealing with Defendants' failure to respond to the Court's discovery orders. In Defendants' Opposition, Defendants challenge Plaintiff's description of time devoted to particular discovery activities as "replete with blocked billing in which multiple tasks are lumped together with no delineation as to how much time was spent on which task." Defs.' Opp'n at 6. In Plaintiff's Reply, Plaintiff provides a Declaration that includes a far more detailed description of the time Plaintiff's counsel devoted to particular discovery activities. *See* ECF No. [77-1]. Defendants have not asked to file a sur-reply in response to Plaintiff's more detailed accounting of his billable time.

[5] Defendants argue in their Opposition to Plaintiff's Motion that Plaintiff's Motion should be denied because Plaintiff's counsel failed to comply with Local Civil Rule 7(m) and confer with Defendants prior to filing its Motion for Attorney's Fees. Def.'s Opp'n at 8-9. Defendants' argument is baseless. Plaintiff repeatedly conferred with Defendants regarding outstanding and incomplete discovery requests, both outside the Court and in front of the Court during several lengthy status conferences. Furthermore, Plaintiff previously moved for sanctions, including an award of attorney's fees, which the Court held in abeyance "pending the completion of discovery." Minute Order (Nov. 22, 2013). After finding nearly a year later that "Defendants [had] still not fully complied with the Court's orders regarding discovery," the Court specifically ordered the United States to file this Motion for Attorney's Fees and set out a timetable for the briefing of the attorney's fees motion. Minute Order (Oct. 3, 2014). Accordingly, the Court finds Defendants' argument that Plaintiff failed to confer with Defendants regarding Plaintiffs' nondispositive Motion for Attorney's Fees unavailing. *See Caudle v. District of Columbia*, 263 F.R.D. 29, 32 (D.D.C. 2009).

For the reasons stated, the Court hereby GRANTS Plaintiff's Motion for Attorney's Fees and awards attorney's fees to Plaintiff in the amount of $64,515.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge