UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>DYNAMIC VISIONS INC., *et al.*<br><br>      Defendants. | Civil Action No. 11-695 (CKK) |

**MEMORANDUM OPINION**
(January 28, 2015)

Presently before the Court is Plaintiff's Second Motion for Sanctions. *See* ECF No. [46]. Plaintiff requests that the Court enter an order imposing sanctions upon Defendants, "including the issuance of an Order for Defendants to Show Cause why Defendants should not be held in contempt and/or why default judgment should not be entered against Defendants for failing to respond to Plaintiff's Discovery Requests seeking factual discovery from Defendants, as ordered by this Court."[1] Pl.'s Mot. at 1. On November 22, 2013, the Court held in abeyance Plaintiff's Motion for Sanctions pending completion of discovery. Minute Order (Nov. 22, 2013). The final date by which discovery in this matter was to be completed was January 23, 2015. *See* Minute Order (Oct. 3, 2014). On January 22, 2015, the Court issued an Order requesting that Plaintiff's counsel file an Affidavit indicating whether Defendants have complied with the Court's outstanding discovery orders and, if Defendants had not complied, indicating whether Plaintiff was still requesting Defendants be held in contempt. Order (Jan. 22, 2015), ECF No. [78], at 1.

---

[1] Plaintiff also seeks attorney's fees for Defendants' failure to provide Plaintiff with its requested discovery and for repeatedly failing to comply with the Court's discovery orders. *See* Pl.'s Mot. for Attorney' Fees, ECF No. [69]. The Court granted Plaintiff's Motion for Attorney's Fees on January 23, 2015. *See* Order (Jan. 23, 2015), ECF No. [79].

1

The Court noted in that Order that it would "not consider entering default judgment as a sanction because courts in this Circuit are in agreement that such a dispositive sanction is 'draconian.'" *Id.* at 2 (citing cases).  Accordingly, now that the discovery deadline has passed and the Court has received Plaintiff's counsel's Affidavit regarding Defendants' continued noncompliance with the Court's discovery orders,[2] the Court will evaluate whether it is appropriate to issue an order for Defendants to show cause why Defendants should not be held in Contempt.

## I.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii), if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."  Plaintiff moves the Court to sanction Defendants "for failing to respond to Plaintiff's Discovery Requests seeking financial information and documents, and for failing to respond to Plaintiff's First Set of Discovery Requests seeking factual discovery from Defendants, as ordered by this Court."  After reviewing the record in this case, the Court finds that Defendants have repeatedly failed to comply with the Court's orders to provide financial and factual discovery requested by Plaintiff.  Accordingly, the Court shall order Defendants to show cause why they should not be held in contempt for their noncompliance. The Court sets out Defendants lengthy history of noncompliance with the Court's orders below.

### A.  Financial Discovery

On April 26, 2011, Plaintiff filed a Motion for Prejudgment Writ of Garnishment and Attachment seeking to preserve Defendants' financial assets after Plaintiff became concerned that Defendants were conducting unusual financial activity by funneling large amounts of money

---

[2] Declaration of Assistant U.S. Attorney in Support of Notice Regarding Defendants' Non-Compliance ("Pl.'s Affidavit"), ECF No. [82].

between various accounts.  *See* ECF No. [6].  The Court granted Plaintiff's Motion and on July 26, 2011, Plaintiff served a copy of Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Prejudgment Enforcement on Defendants, seeking the location and disposition of all of Defendants' financial assets and all documents related to those dispositions.  *See* ECF No. [17].  Defendants failed to timely respond to the Interrogatories and Request for Production of Documents.  *See* Motion to Compel, ECF No. [19], Ex. 2.  Plaintiff sent a letter to Defendants to attempt to resolve this matter, but Defendants did not respond.  *See* Motion to Compel.  Accordingly, Plaintiff filed a Motion to Compel.  *See id*.  Defendants failed to respond to the Motion to Compel, and the Court granted the Motion as conceded on March 8, 2012.  *See* Order (Mar. 8, 2012), ECF No. [22].

The Court held an Initial Scheduling Conference on February 20, 2013, at which it ordered Defendants to respond to Plaintiff's still outstanding financial discovery requests by April 19, 2013.  *See* Scheduling and Procedures Order (Feb. 20, 2013), ECF No. [35], at 6.  Defendants did not respond by April 19, 2013, as they had been ordered.  *See* Notice Regarding Defendants' Failure to Produce Court-Ordered Discovery, ECF No. [41], at 3.  Plaintiff contacted counsel for Defendants several times at the end of April in unsuccessful attempts to obtain the financial discovery Defendants had been court-ordered to provide.  *See* ECF Nos. [46-3]; [46-4].  Throughout May 2013, Plaintiff attempted to assist Defendants in obtaining the financial information requested, but Defendants failed to provide the information and authorization forms necessary for Plaintiff to assist Defendants.  *See* ECF No. [46-5].

On June 12, 2013, this Court held a telephonic conference to address Defendants' non-compliance.  *See* ECF No. [46-6].  During the telephonic conference, the Court ordered Defendants to fully and completely respond to the financial interrogatory requests.  *Id.* at 13-14.

24-25, 30; *see also* Order (June 13, 2013), ECF No. [42]. On July 8, 2014, Defendants provided Plaintiff with their responses to the financial discovery requests. *See* ECF No. [46-7]. However, Defendants' responses were grossly incomplete and did not provide the information ordered by the Court in the June 2013 telephonic conference. *See id.*

### B. Factual Discovery

Plaintiff served Defendants with its First Set of Discovery Requests seeking factual discovery on March 22, 2013. *See* ECF No. [46-8]. Defendants did not respond to Plaintiff's discovery request by April 24, 2013, the response date pursuant to the Federal Rules of Civil Procedure, nor did Defendants respond to Plaintiff's email inquiry regarding the status of the factual discovery on May 23, 2013. *See* ECF No. [46-5]. At the June 12, 2013, telephone conference, the Court ordered Defendants to fully respond to Plaintiff's discovery requests by July 26, 2013.[3] Order (June 13, 2013), ECF No. [42]. On July 26, 2013, Defendants provided responses to Plaintiff's factual discovery requests; however, they were grossly incomplete. *See* ECF No. [46-9].

### C. Motion for Sanctions and Further Discovery Orders

On November 13, 2013, Plaintiff moved for a second time for sanctions, including attorney's fees, for Defendants' failure to provide discovery. *See* ECF No. [46]. The Court held a Status Hearing on November 22, 2013, and ordered Defendants to fully respond to Plaintiff's financial and factual discovery requests by February 15, 2014. Minute Order (Nov. 22, 2013). The Court held Plaintiff's Second Motion for Sanctions in abeyance pending the completion of discovery. *Id.*

---

[3] At the June 2013 telephonic conference, Defendants claimed they never received the fact discovery requests from the United States. ECF No. [46-6], at 16-22. At the Court's request, a copy of the discovery requests were emailed by Plaintiff and received by Defendants during the telephonic conference. *Id.* at 25-29.

Over the next several months, Defendants disclosed several bank accounts that had not previously been disclosed, and Plaintiff discovered several more that had not been disclosed. *See* Notice of Letter to Counsel for Defendants, ECF No. [51-1]; Notice of Defendants' Non-Compliance with Court Order ("Pl.'s Non-Compliance Notice"), ECF No. [68]. Defendants also continued to provide incomplete responses to Plaintiff's discovery requests. *See* ECF No. [51-1]. On February 24, 2014, Magistrate Judge Alan Kay met with the parties regarding outstanding discovery issues and issued a Minute Order requiring Plaintiff's counsel to provide Defendants with a description of outstanding discovery requests and requests that required supplemental answers. Minute Order (Feb. 24, 2014). Magistrate Judge Kay ordered Defendants to "provide complete responses within two weeks after receipt of that document." *Id.* Plaintiff's counsel provided Defendants with a letter describing all outstanding discovery on March 7, 2014, s*ee* ECF No. [51-1]; however, Defendants again failed to provide all requested discovery by the deadline set by Magistrate Judge Kay.

On April 16, 2014, this Court held another Status Hearing at which Defendants' noncompliance with Plaintiff's discovery requests and the Court's discovery orders was discussed at length. Following the hearing, the Court ordered that "[a]ll outstanding discovery shall be provided to Plaintiff by no later than May 16, 2014." Order (April 16, 2014), ECF No. [52]. On May 29, 2014, the Court held another Status Hearing at which the Court discussed in great detail Defendants' continued noncompliance with the Court's discovery orders. Minute Order (May 29, 2014). During the hearing, the Court ordered Plaintiff to file with the Court by June 23, 2014, "a proposed discovery order setting out the discovery Defendant[s] must produce pursuant to the Court's findings during the status hearing." *Id.* The Court ordered, however, that Defendants should "immediately begin collecting the information identified by the Court during

5

the status hearing." *Id.* On July 2, 2014, the Court issued Plaintiff's proposed discovery order and ordered Defendants to produce all outstanding discovery by August 1, 2014. Order (July 2, 2014), ECF No. [62].

Defendants' discovery responses provided to Plaintiff on August 1, 2014, were again incomplete. *See* Notice of Defendants' Non-Compliance with the Court Order, ECF No. [68]; Minute Order (Oct. 3, 2014). At a Status Hearing on October 3, 2014, the Court found that "Defendants have still not fully complied with the Court's orders regarding discovery." Minute Order (Oct. 3, 2014). The Court ordered all discovery to be completed by January 23, 2015, and set a schedule for Plaintiff to file its Motion for Attorney's Fees as a discovery sanction and for Defendants to respond to Plaintiff's Motion. *Id.*

### D. State of Compliance as of Close of Discovery on January 23, 2015

In Plaintiff's January 27, 2015, Affidavit, Plaintiff's counsel informs the Court that "Defendants have provided no discovery to the United States as ordered by the Court on October 3, 2014—not one single page or item." Pl.'s Notice ¶ 8. Specifically, in regards to financial discovery ordered by the Court, Defendants have failed to provide:

- Provide the ownership documents for Defendant Bongam's Lexus automobile, Pl.'s Non-Compliance Notice at 2-3;

- Provide documents relating to Defendant Bongam's ownership of two homes located in Cameroon,[4] *id.* at 3;

- Disclose the ownership, possession or control of any rental property, *id.* at 3-4;

- Provide account records from the Bank of America in Boston, *id.* at 4;

---

[4] Defendants either need to produce these documents or provide an appropriate discovery response explaining, under oath in writing, why Defendants cannot produce such documents. *See* Fed. R. Civ. P. 33(b)(3); 34(b)(2).

- Disclose the existence of a personal savings account at TD Bank, *id.* at 4-5;

- Provide documents accounting for the payments or other funds received from Regal Home Health Care, *id.* at 5;

- Disclose twelve additional bank accounts used by Defendants that were found by the United States, *id.* at 7;

- Specify in full and complete detail what has been done to locate Dynamic Vision's M&T bank card, *id.* at 7-8;

- Identify any bank cards associated with the TD Bank account, *id.* at 8;

- Explain a "vast number of transfers and withdrawals of large amounts of funds," *id.* at 9, Ex. 5;

- Provide a lease agreement for Dynamic Vision's offices and evidence of any lease payments from October 2008 through March 2012, and from July 2013 to present, *id.* at 11;

- Provide proof that the money orders and non-negotiable receipts for money orders from M&T Bank for the periods of January 2012, October 2012, April 2013, October 2013, November 2013, and January 2014, were actually remitted or that the amounts were actually paid, *id.*, and;

- Provide proof of any utility payments made in order to sustain the offices of Dynamic Vision, beyond the June 2013 water bill previously provided by Defendants, *id.*;

In regards to factual discovery, Defendants have failed to:

- Specify which regulations and procedures set by Medicaid and Medicare they are relying upon to support their defense, *id.* at 12;

7

- Provide "the substances and the basis of each person's knowledge" regarding Plaintiff's allegations or Defendants' defenses for the seven Dynamic Vision employees identified by Defendants, *id.* at 12-13;

- Provide or identify timesheets relevant to seventeen patients and their Health Care Aids, *id.* at 14, and;

- Provide copies of the Physician's Orders and signed Plans of Care that are required by Medicaid prior to reimbursement and which are the basis for most of the false claims allegations against Defendants, *id.*

In light of this continuing and substantial non-compliance with the Court's discovery orders, the Court believes there are grounds to find Defendants in contempt of court. Accordingly, the Court shall issue a show cause order requiring Defendants to show cause for why they should not be held in contempt. Defendants should be aware that in the event that the Court finds that Defendants should be held in contempt, the Court is considering imposing daily fines on Defendants until Defendants fully comply with the Court's discovery orders and provide the outstanding discovery identified above. Defendants' discovery responsibilities are ongoing.

## II.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has made a sufficient showing for the Court to issue a show cause order as to why Defendant should not be held in contempt. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge