## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

      v.

DYNAMIC VISIONS INC., *et al*,

    Defendant.

**Civil Action No. 11-695 (CKK)**

### ORDER
(January 30, 2015)

As set forth during the Status Conference in this matter on January 30, 2015, it is hereby

**ORDERED** that the parties shall adhere to the following briefing schedule:

1.    Plaintiff shall file its Motion for Summary Judgment on or before **April 1, 2015;**

2.    Defendants shall file their Opposition to Plaintiff's Motion for Summary Judgment on or before **May 1, 2015**;

3.    Plaintiff shall file its Reply in support of its Motion for Summary Judgment on or before **May 15, 2015**;

4.    If Defendants choose to file a dispositive motion, the parties' briefing of such a motion shall follow the same schedule outlined above.

IT IS **FURTHER ORDERED** that the parties must comply with the following instructions when briefing motions for summary judgment and the Court may strike papers not in conformity therewith:

1.    The Court **strictly adheres to the dictates of Local Civil Rule 7(h)**, which requires that each party submitting a motion for summary judgment attach a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement.  The party opposing the motion must, in turn,

submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial.  L. Civ. R. 7(h)(1).  The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Civil Rule 7(h).

2.  The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute.  The statement must contain **only one factual assertion in each numbered paragraph**.

3.  The party responding to a statement of material facts must respond to each paragraph with a **correspondingly numbered paragraph**, indicating whether that paragraph is admitted or denied.  If a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied.

4.  The Court may assume that facts identified by the moving party in its statement of material facts are **admitted**, unless such facts are controverted in the statement filed in opposition to the motion.  L. Civ. R. 7(h)(1).

5.  The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record.  However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts.  **If additional factual allegations are made, the opponent must file a responsive statement of its own**.

6.  The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified.  Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

IT IS **FURTHER ORDERED** that the parties must comply with the following instructions when briefing any motion:

1.  Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and re-ply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

2.  A party may not file a sur-reply without first requesting leave of the Court.

3.  Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**. *See* Local Civil Rule 7(b). Similarly, where a party fails to respond to arguments in opposition papers,

the Court may treat those specific arguments as conceded. *See Phras-avang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

4. **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

5. Each submission shall be accompanied by a table of cases and other authorities cited therein.

6. Every pleading or paper, regardless of whether it is submitted by an attorney or a pro se party, shall contain the name, address, telephone number, and, for an attorney, bar identification number. *See* Local Civil Rule 5.1(e).

7. **All documents in this case are to be filed electronically**, except with prior leave of the Court upon good cause shown, and in the case of the exceptions noted below. All electronically filed documents are to be in Portable Data Format (.pdf). While electronic filing via Internet is strongly preferred, the Clerk's Office may accept documents on disk for filing during normal business hours only.

### EXCEPTIONS TO ELECTRONIC FILING.

   i. In a case involving a pro se party, electronic filing procedures will be followed by parties represented by counsel only. The party appearing pro se shall continue to file documents in paper form with the Clerk's Office. Parties represented by counsel must serve documents upon pro se parties in paper form.

   ii. Sealed documents may be filed in paper form with the Clerk's Office if they are accompanied by a motion to seal in accordance with Local Civil Rule 5.1(j). Motions to seal should explain why sealing is appropriate with reference to the factors identified in United States v. Hubbard, 650 F.2d 292 (D.C. Cir. 1980). Failure to file a proper motion to seal may result in the document being placed in the public record.

   iii. Consent decrees may be filed in paper format with the Clerk's Office.

The parties shall deliver one (1) courtesy copy of any submission that is over twenty-five (25) pages in length or that includes more than one (1) exhibit to the Court Security Officer at the

//

//

loading dock located at Third and C Streets (not the Clerk's Office or Chambers).   Courtesy copies shall be appropriately bound and tabbed for ease of reference.

**SO ORDERED.**

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE