UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   Plaintiff,<br><br>  v.<br><br>DYNAMIC VISIONS INC., *et al*,<br><br>   Defendants. | Civil Action No. 11-695 (CKK) |

**ORDER**
(February 2, 2015)

The Court held a Status Hearing in this matter on January 30, 2015. The Status Hearing was, in essence, a hearing on the Court's January 28, 2015, Show Cause Order requiring Defendants to show cause as to why they should not be held in Contempt for not producing the factual and financial discovery requested by Plaintiff and ordered by this Court. Having considered the discussion on the record that took place during the Status Hearing, the Court hereby places Defendants on notice of the following matters.

As has been clearly documented throughout Plaintiff's motions to compel and the Court's orders compelling discovery, Plaintiff has made repeated discovery requests of Defendants which have gone unanswered. It became clear to the Court at the January 30, 2015, Status Hearing that Defendants have no intention of providing any of the discovery that was delineated in the Court's Show Cause Order. In particular, it is clear to the Court that Defendants have no intention of providing Plaintiff with factual discovery related to their defenses, most notably, (1) the regulations and procedures set by Medicaid and Medicare that Defendants are relying upon to

1

support their defense and (2) descriptions of "the substances and the basis" of the knowledge of seven Dynamic Vision employees' regarding Plaintiff's allegations or *Defendants' defenses*.

Although Defendants did not request any discovery in this case, Plaintiff has provided Defendants searchable .pdf files of all of the documents that the government seized from Defendants in order to facilitate Defendant's production of discovery to Plaintiff. It became clear to the Court during the Status Hearing that Defendants intend to cull out documents from these searchable .pdf files that they wish to use as part of *their defense* at the summary judgment stage or at trial, while not producing these documents in response to Plaintiff's discovery requests. This would mean, for instance, that Defendants, in response to Plaintiff's motion for summary judgment, would rely on documents that they have never produced or identified to Plaintiff as their defense documents, even though these documents have been repeatedly requested throughout the discovery process and are presently the subject of an Order to Show Cause. Plaintiff will be prejudiced by Defendants' production of these documents at that late date because Plaintiff will have been forced to file its summary judgment motion without any indication of Defendants' defenses and the specific evidence on which Defendants will be relying.

The Court has indicated that default judgment is a draconian sanction for contempt of a discovery order and that one appropriate sanction for contempt would be the imposition of daily fines on Defendants. The Court hereby reminds Defendants that another appropriate sanction discussed in the Court's earlier orders and status hearings would be to preclude Defendants from using, in response to Plaintiff's motion for summary judgment or at trial, documents and evidence that have not been identified by Defendants in response to Plaintiff's discovery requests. Defendants cannot lie in wait and use documents from the searchable .pdf files or any

other documents or evidence requested, but not produced in discovery,[1] against Plaintiff when Defendants have not produced these documents or evidence at an earlier date pursuant to the rules of discovery.

Accordingly, Defendants should be aware that should Defendants not provide discovery in response to the Court's Show Cause Order, Defendants may be unable to rely on these documents or evidence at a later stage of this case. The Court is placing Defendants on notice that should they seek to rely on documents or evidence in their response to Plaintiff's motion for summary judgment or at trial that they did not produce in response to discovery requests, the Court may not allow Defendants to rely on these documents or evidence.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] During the October 3, 2014, Status Hearing in this matter, and in the Minute Order issued following the Status Hearing, the Court generally ordered that, "Defendants cannot use at trial evidence that was requested by Plaintiff during discovery, but not turned over by Defendants." Minute Order (Oct. 3, 2014).