UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>     v.<br><br>DYNAMIC VISIONS, INC. and ISAIAH<br>BONGAM,<br>  Defendants. | **Civil Action No. 11-695 (CKK)** |

**MEMORANDUM OPINION**
(April 24, 2017)

This is a False Claims Act ("FCA") suit brought by Plaintiff United States of America against home health care provider Dynamic Visions, Inc. and its sole owner and president, Isaiah Bongam (collectively "Defendants"). In its Complaint, Plaintiff alleged that between January 2006 and June 2009 Defendants submitted false or fraudulent claims to Medicaid for reimbursement for home health care services. Specifically, Plaintiff claimed that many of the patient files associated with the claims made by the Defendants did not contain "plans of care" as required under applicable regulations, or contained plans of care that were not signed by physicians or other qualified health care workers, did not authorize all of the services that were actually rendered, or contained forged or untimely signatures. On December 6, 2016, the Court granted Plaintiff's Motion for Summary Judgment. Now pending before the Court is Defendant Isaiah Bongam's [123] Motion to Set Aside that Order. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Defendant's Motion.

---

[1] The Court's consideration has focused on the following documents and their attachments and/or exhibits: Def.'s Mot. for Court to Set Aside Summary Judgment, ECF No. 123 ("Def.'s Mot."); Pl.'s Opp'n to Mot. to Set Aside Summary Judgment, ECF No. 125 ("Pl.'s Opp'n"); and Resp. to the United States of America's Objection to My Mot. to Set Aside, ECF No. 129

1

## I. BACKGROUND

The Court has already set forth the factual background and procedural history of this case in its October 24, 2016 and December 6, 2016 Memorandum Opinions, which are incorporated by reference and made a part of this Memorandum Opinion and Order. *See generally United States v. Dynamic Visions, Inc.*, No. CV 11-695 (CKK), 2016 WL 6208349 (D.D.C. Oct. 24, 2016); *United States v. Dynamic Visions, Inc.*, No. CV 11-695 (CKK), 2016 WL 7115946 (D.D.C. Dec. 6, 2016). In those Memorandum Opinions and associated Orders, the Court held that Defendant Dynamic Visions was liable under the FCA for submitting false Medicaid claims to the D.C. Department of Health Care Finance ("DHCF"). The Court found that Dynamic Visions' claims impliedly certified compliance with D.C. Medicaid regulations that required home health care services be rendered pursuant to signed "plans of care." The Court additionally found that the services for which Defendants had billed DHCF were not, in fact, rendered pursuant to such plans of care. In its December 6, 2016 Memorandum Opinion and Order, the Court also pierced Defendant Dynamic Visions' corporate veil to hold Defendant Bongam individually liable. On January 3, 2017, Defendant Bongam filed the pending Motion to Set Aside the Court's December 6, 2016 Order. That motion has been fully briefed and is ripe for resolution.

## II. LEGAL STANDARD

Defendant does not state a legal authority under which his motion is brought. Plaintiff suggests, and the Court finds reasonable, that Defendant's motion is best construed as a motion to reconsider brought pursuant to Federal Rules of Civil Procedure 54(b) or 60(b). The Court herein sets forth the legal standards for motions brought under those Federal Rules. The Court notes that

---

("Def.'s Reply"). In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

2

regardless of the authority for reconsideration, Defendant has not made an adequate showing to warrant the Court setting aside its December 6, 2016 Order.

Federal Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion to reconsider brought under Rule 54(b) may be granted "as justice requires." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). Considerations a court may take into account under this standard include whether the court "patently" misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court. *See id.* (quoting *Cobell,* 224 F.R.D. at 272). The party moving the court to reconsider its decision carries the burden of proving that some harm would accompany a denial of the motion to reconsider: "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell v. Norton,* 355 F. Supp. 2d 531, 540 (D.D.C. 2005).

Pursuant to Federal Rule 60(b), a district court is permitted to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds, including, for example, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," "fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief, *Norris v. Salazar,* 277 F.R.D. 22, 25 (D.D.C. 2011), and "'the decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court,'" *Kareem v. FDIC,* 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.,* 984 F.2d 469, 476 (D.C. Cir. 1993)).

### III. DISCUSSION

Reconsideration is not warranted under either of these standards. The Court begins by noting that Defendant's Motion and Reply mostly consist of conclusory pronouncements including, among other things, that setting aside the Court's Order is necessary in the interests of "justice," that Plaintiff has "misled" the Court and "fabricated" facts, that certain important evidence is being overlooked and that the Court has committed "flaw[s]." *See, e.g.*, Def.'s Mot. at 2-3; Def.'s Reply at 4. Although the Court has striven to explain below why each of the distinct arguments Defendant raises do not warrant the Court reconsidering or setting aside its December 6, 2016 Order, to the extent certain assertions of Defendant's are not specifically addressed below, it is sufficient to say that they lacked any explanation, evidentiary basis, or legal support, or that they were not raised previously and accordingly will not be entertained in a motion to reconsider. *See* Scheduling and Procedures Order, ECF No. 35 at 4 ("arguments which should have been previously raised, but are being raised for the first time" in a motion to reconsider will not be entertained); *Aygen v. D.C.*, 311 F.R.D. 1, 3 (D.D.C. 2015) ("Courts should deny motions for reconsideration when it appears that 'the losing party is using the motion as an instrumentality for arguing . . . new arguments that could have been raised prior to final judgment'") (quoting *Lightfoot v. D.C.*, 355 F. Supp. 2d 414, 421 (D.D.C. 2005)).

4

Defendant Bongam states at the outset of his Motion that Defendant "Dynamic Visions was represented by Attorney Judge Iweanoge and I didn't have an Attorney because I had no money at the time since we were no longer being paid." Def.'s Mot. at 1. Defendant argues that "[t]he fact that I had no Attorney does take away my right to defend myself." *Id.* To the extent Defendant intends this to be an argument in support of reconsideration, it is meritless because it is simply wrong: until apparently very recently, Defendant was represented in this matter by Attorney C. Jude Iweanoge. *See* Entry of Appearance, ECF No. 30.

Next, in an apparent attempt to challenge the Court's decision to pierce Dynamic Visions' corporate veil, Defendant now states for the first time that "the last General Assembly of December 31st, 2008 discharged me of my activities or rather I was given the quitus and here I attach a copy of the minutes." Def.'s Mot. at 1. This argument is also unavailing. First, even if these "minutes" undermined the Court's decision to the pierce the corporate veil, Defendant provides no reason why they were not provided during discovery or at least during the summary judgment briefing stage, or why the Court should nevertheless consider them now. Regardless, even if the Court were to consider these minutes, they simply do not support Defendant's assertion. At most, the minutes—which are not a model of clarity—suggest that a motion to discharge Defendant was "table[d]." ECF No. 123 at 7. The minutes do not state, or even suggest, that Defendant's central and dominant role in Dynamic Visions ceased in 2008. To the contrary, as discussed in the Court's December 6, 2016 Memorandum Opinion, the evidence shows that in fact Defendant maintained this role throughout the relevant time period. The minutes themselves in fact lend even more support to this conclusion, as they state that the company nearly doubling its enrollment from 460 to 900 patients in a single year was solely because "I [Bongam] did it so well." *Id.* at 6.

The remainder of the arguments in Defendant's Motion and Reply address the merits of the Court's conclusion that Defendant Dynamic Visions submitted false Medicaid claims to DHCF. Defendant argues, for various patient-specific reasons, that the claims were not actually improper, mostly relying on voluminous medical records that Defendant has now submitted. This ploy fails for a number of reasons. At the threshold, these arguments fail because the Court found that Defendant *Dynamic Visions*, not Defendant *Bongam*, submitted false claims to DHCF. Dynamic Visions does not appear to have joined this motion, *see* Defendant Dynamic Visions' Consent Motion for Enlargement of Time to Respond, ECF No. 126 at 1 n.1 (stating "Defendant Bongam now represents himself"); Defendant Bongam's Motion for Extension of Time, ECF No. 127 at 1 (referring to the pending motion as "my motion to set aside"), and Defendant Bongam may not litigate on the company's behalf. *See* Fed. R. Civ. P. 17(a)(1) ("an action must be prosecuted in the name of the real party in interest.").

In the interest of completeness, however, the Court notes that even if it were to consider the arguments Defendant Bongam makes in this respect, Defendant's Motion would still be denied for many reasons. First, Plaintiff states in its Opposition that Defendant "never provided any of the documents attached to his Motion or the arguments therein" during discovery. Pl.'s Opp'n at 12. This alone is fatal to Defendant's Motion. As the Court has discussed in its previous Memorandum Opinions and Orders, the Defendants in this case continuously refused to provide Plaintiff discovery about their defenses, despite being repeatedly ordered by the Court to do so, and were eventually held in contempt of court. In the Court's Order holding Defendants in contempt, it stated that it had "repeatedly explained that Defendants must identify with *specificity* the regulations and procedures on which they will rely in support of their defense, and the *specific* pages within the patient files on which they will be relying." Order, ECF No. 94 at 3-4 (emphasis

in original). Defendants did not do so, and accordingly the Court ordered that "Defendants are precluded from introducing or relying upon in their response to Plaintiff's motion for summary judgment or at trial any and all documents not specifically identified heretofore as relevant to Defendants' defenses to the allegations in the Complaint." *Id.* at 4. Defendant may not now seek to set aside the Court's grant of summary judgment in Plaintiff's favor by finally bringing forward such documents. For this reason alone, Defendant's Motion fails.

Yet another problem with Defendant's Motion is that the arguments therein were already raised and rejected by the Court at the summary judgment stage. For example, Defendant argues that Dynamic Visions cannot be held liable for submitting false claims associated with certain Medicaid recipient numbers because those numbers were not on a list of recipients produced by the government earlier in this case. Def.'s Mot. at 1. Defendants already raised this argument in their summary judgment briefing. *See* Opp'n to Pl.'s Supp. Memo., ECF No. 116 at 1-3. The Court considered this issue carefully and specifically ordered the government to provide additional briefing on it. 11/22/2016 Min. Order. The Court noted in its December 6, 2016 Memorandum Opinion that Plaintiff had explained that "[a] typographical error regarding the Medicaid recipient numbers listed on the chart submitted with the complaint in this case was discovered during the preparation of Plaintiff's motion for summary judgment, and fixed before the filing of that motion, causing certain recipients' Medicaid numbers to be different in the two filings." ECF No. 120 at 9. The Court concluded that "[t]his typographical error ha[d] no effect on the appropriateness of summary judgment" because "[r]egardless of the Medicaid recipient numbers, Defendants have long known the names associated with the claims at issue in this case, and have had access to the same records as Plaintiff. Defendants did not raise these typographical errors during the course of this case and only opportunistically seek to do so now as a last ditch effort to avoid summary

7

judgment where it is clearly warranted." *Id.* Defendant offers no reason why the Court should now change its conclusion on this issue. *See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (affirming denial of motion to reconsider where party "raised no arguments for reconsideration the court had not already rejected").

Similarly, to the extent Defendant insinuates in his Motion that certain plans of care at issue were "signed," the Court also already considered this issue at the summary judgment stage. The Court found that there was no genuine issue of material fact as to Plaintiff's claim that the few signatures that did exist on plans of care were forged. *Id.* at 7. Plaintiff presented sworn affidavits from each relevant physician attesting that their signatures had been forged, and Defendants presented no evidence to dispute this other than unsubstantiated, self-serving, and conclusory denials. *Id.* Again, Defendant offers no reason why the Court should change its conclusion on this issue. *See State of N.Y. v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (holding that a "motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

Finally, the Court briefly notes that the arguments in Defendant's Reply—in addition to suffering from the problems discussed above—are also improper for the additional reason that they were raised for the first time in reply. "[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *See Aleutian Pribilof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008). Despite the impropriety of raising new arguments in reply, the Court would have considered ordering Plaintiff to file a sur-reply to address these issues if it believed the arguments in Plaintiff's Reply had any merit. The Court has reviewed those arguments and, for all of the reasons discussed above, they do not have merit.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant Bongam has not raised any meritorious reason for the Court to reconsider or set aside its December 6, 2016 Order under any potentially relevant legal authority. Accordingly, the Court will DENY Defendant's [123] Motion to Set Aside Summary Judgment. The Court notes that summary judgment has only been granted as to liability—the Court has not yet entered a final judgment. The next step is to ascertain the precise amount of the judgment the Court will enter against Defendants, which requires further briefing. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge